**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DEAN H. CHRISTENSEN,

     Plaintiff - Appellant,

v.

DON ROGER NORMAN; ROGER
WILLIAM NORMAN; CINDY
GAGLIANO; HARVEY COHEN,

     Defendants - Appellees.

No. 19-4044
(D.C. No. 2:17-CV-01283-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Dean H. Christensen, proceeding pro se, appeals the district court's order

dismissing his action without prejudice based on a contractual forum-selection

clause.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The parties are familiar with the facts, and our disposition of this appeal does

not require us to set them out in detail.  Mr. Christensen asserted claims for breach of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

contract and fraud, alleging that Pacific Energy Mining Company (Pacific), as his agent, entered into an Asset Purchase Agreement (APA) with Fidelity Exploration & Production Company (Fidelity). Mr. Christensen alleged that he was a third-party beneficiary of the APA. Under the APA, Pacific was to purchase an oil-and-gas property in Utah from Fidelity, and Mr. Christensen was to receive five percent of the working interest in the property. Prior to Pacific completing the purchase, Mr. Christensen made an oral agreement with defendants that Pacific would transfer its rights under the APA to defendants' company, Norman Oil & Gas, LLC (Norman), Norman would finance the purchase and receive 70% of revenue (with Pacific receiving the other 30%), and Mr. Christensen would receive five percent of the working interest in the property after Norman completed the purchase. Defendants then allegedly failed to fund the purchase, prevented Mr. Christensen and Pacific from completing the purchase by informing Fidelity that Pacific no longer had any rights in the APA, negotiated with Fidelity to purchase the property, and tried to flip the property without informing Mr. Christensen or Pacific.

Relevant to this appeal, defendants filed motions to dismiss or transfer for improper venue based on a forum-selection clause in the APA. The forum-selection clause provides that the exclusive venue for any litigation related to the APA is Houston, Harris County, Texas:

> All proceedings with respect to, arising directly or indirectly in connection with, out of, related to or from [the APA] or the other transaction documents shall be exclusively litigated in courts having sites in Houston, Harris County, Texas, and each party waived any objection it may have to venue or jurisdiction therein.

2

R. at 112 (boldface and most capitalization omitted).  A magistrate judge recommended that the motions be granted because the action arose out of the APA and transactions related to it, the forum-selection clause was mandatory and enforcing it would not be unreasonable or unjust, and Mr. Christensen, although not a signatory to the APA, was bound by the forum-selection clause because he claimed he was a third-party beneficiary of the APA.  Over Mr. Christensen's objections, the district court adopted the recommendation and dismissed the action without prejudice.[1]

Mr. Christensen appeals that ruling, but we agree with defendants that his appellate brief is wholly inadequate to merit substantive review.[2]  Although we afford a liberal construction to a pro se litigant's filings and hold them to less stringent standards than filings attorneys draft, we have "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).  Federal Rule of Appellate Procedure 28(a) lists the requirements for an appellant's brief.  One of those requirements is that an "appellant's brief must contain . . . the argument, which must contain . . . appellant's contentions and the

---

[1] In responding to Mr. Christensen's objections to the recommendation, defendants informed the district court that Mr. Christensen failed to disclose "that he is an officer and director of Pacific," and argued that this action was merely "an attempted 'end-run' around [a] final, non-appealable decision" by a Texas state appeals court, R. at 879 n.1, which was in favor of Norman and Fidelity and against Pacific concerning the APA.

[2] Mr. Christensen did not file an appellate reply brief.

reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Consistent with Rule 28(a)(8)(A)'s requirements, which apply "equally to pro se litigants," "[i]ssues will be deemed waived if they are not adequately briefed." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted). "When a pro se litigant fails to comply with [Rule 28(a)(8)(A)], we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* (brackets and internal quotation marks omitted).

In his brief, Mr. Christensen raises three issues, but he provides no legal authority to support his conclusory assertions of error and no record citations. Regarding the dismissal order, he simply argues that the district court erred in concluding that this action arose out of the APA, and instead the court should have considered that the allegedly fraudulent verbal agreement for Norman to purchase the property and give him a percentage of the working interest predated the assignment of the APA. But he offers no supporting legal analysis or legal authority, and "we cannot fill the void by . . . performing the necessary legal research," *id.* (internal quotation marks omitted). We therefore decline to consider this issue. *Id.*

Mr. Christensen fares no better on his other two issues. The first concerns the district court's determination that his proposed amended complaints would not survive a motion to dismiss for improper venue. He asserts the district court erred by not allowing him to amend his complaint, but he provides no discussion or legal analysis of how his proposed amended complaints would have surmounted the forum-selection clause, and "we cannot fill the void by crafting arguments and

4

performing the necessary legal research," *id.* (internal quotation marks omitted). We therefore decline to consider this issue. *Id.*

The other issue involves the district court's failure to rule on his motion to disqualify defendants' counsel, Harvey Cohen, who is also one of the defendants.[3] Mr. Christensen contends only that the district court erred in not ruling on the motion to disqualify because Mr. Cohen had "a clear conflict of interest as he was to be called as a witness" in this case. Aplt. Br. at 3. But Mr. Christensen fails to flesh out this argument or provide any supporting legal authority. We therefore decline to consider this issue. *See Garrett*, 425 F.3d at 841.

The district court's judgment is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[3] The district court did not expressly address this motion, but in its dismissal order, the court left the determination of all remaining pending motions for the chosen forum to make if Mr. Christensen refiled his action in the proper forum.